The Honorable, the judges of the United States Court of Appeals for the Fourth Circuit. Please be seated. We're happy to hear argument in our last case number 1621-22 Flynn v. SEC. Mr. Flynn? Yes. I understand that you have filed an untimely motion to seal. What do you have to say about that? You didn't cite any authority in the motion. I understand, Your Honor. I'm prepared to work within the boundaries if you wish. Perfect. Excellent. Judge Motz, may it please the Court? My name is Rory Flynn. I'm the petitioner in this case. The principal issue before the Court is whether or not I reasonably believed that my disclosures evidenced either a rule violation or gross mismanagement. Reasonable belief is a defined term. The test the parties agree upon is one that's objective. Depending on the facts, there can be more than one reasonable belief. I didn't have to be right. I just had to have a reasonable belief under the law. And the standard for review for the Court is de novo. I submit that the decision should be reversed for three reasons. First, as the SEC concedes, Rule 900B is a mandatory directive to the staff to specifically apprise the Commission of every missed deadline and to provide additional specific information about each of those cases with a blown deadline. Second, the SEC asserts that the deadlines in Rule 900A are not mandatory because there isn't a private cause of action for the parties if they're missed and because it uses the word should. It also uses other words such as deadlines, when, and nonetheless. As for the parties, the SEC is correct. There is no private cause of action. But it misses the point. The subsection as interpreted by the Commission's accompanying policy memorandum requires OGC to get each case done within seven months unless it obtains an extension. OGC, however, wasn't getting it done. There were cases also on the Commission's docket that weren't getting done within that time period. The staff wasn't asking for extensions. And it is a fair reading of the record to infer that Mr. O'Connelly, when I brought these matters to his attention, was embarrassed by that fact. And that's why he asked me not to, ordered me not to, disclose certain information to the Commission in the latest of the Rule 900B reports. I thought that the, and you can certainly help me with this because you know these regulations better than I do, but I thought that the status of these cases was disclosed to the Commission, but not in the manner in which you would have had it, not in clear, in as clear as you thought it should be. It's worse than that. They didn't disclose some cases? They were just not on the form? There was an issue about whether or not the deadline had been blown. And what had been given was the appeal dates. But Rule 900B, which says shall, required the staff to provide additional information about those cases with the blown deadlines. And I would, if I accomplish anything today, I would ask that the Court actually look at the September 2012 900B report and there you will see that as far as these cases with blown deadlines, that specific information was not presented to the Commission, or was misleading, or was wrong, specifically. Did the ALJ actually address that, the 900B aspects of your claim? I don't believe he did. So is that not probably a better argument to approach it from that perspective? I would agree with that as well. And if it's not addressed, then what do we do? Send it back when you consider it? You can. That is an option. And that's probably the least intrusive. However, given the rules, use of the word shall, and the fact that certain information was completely omitted from these reports and that these are It's kind of a factual determination as to what was omitted and how much was necessary. But 900A, how do you maintain that's a mandatory requirement? It doesn't have the shall. You found that out pretty quickly. You pointed that out. I've heard you say it a couple of times with regard to 900B. But 900A does not have that language. That is true. What it does have is the word deadlines, when, and unless. And I don't think you can look at the rule in a vacuum. It was amended in 2003 because the Commission wasn't adhering, nor was the staff, adhering to what was then originally aspirational goals to get cases done within a certain amount of time. As the Court knows, that when you Every word is to be carefully considered and given weight. Deadlines has a certain meaning. When has a certain meaning. Unless has a certain meaning. And when the rule was amended in 2003, if you look at the adopting release, which explains the reasons why it was amended, it was because the aspirational dates weren't being adhered to. And the Commission, after a long history with this particular problem, was looking to hold itself accountable, not just to itself, but to have the staff held accountable, but also to the public. Because in addition to the internal 900B reports that are issued, there are also public reports that are issued. And as a result of the timelines not being adhered to, that information that was released to the public was misleading. But getting back to, if I've answered your question, the answer to 900B, specifically apprised, I submit to the Court, is something different than just apprised. That the word specifically was added as an extra what, so to speak. And if you, and there's a reason for that. These disclosures are meant to be, as the Commission explained in the adopting releases, supposed to be an early warning signal. And that is why the Commission was supposed to be specifically apprised. The fact that it wasn't aware of this issue is evidenced by discussions that I had on January 7, 2013, with then Chairman Elise Walter. She didn't know about the problem. The disclosures that were being made weren't getting the job done. And contrary to what the SEC is arguing, the Commission shouldn't have to play detective, in terms of figuring out that there's a problem, when there's a specific requirement placed on the staff to tell them that it's a problem. Mr. Flynn, would it surprise you to learn that the Court is awash with deadlines? We have a 75-day list we're supposed to, that begins counting when an appeal is filed. And we have deadlines on district court judges, within which they're supposed to dispose of motions. And the word shall is often used, and the word deadline. The word deadline is often used. These facts would not surprise me. I'm glad to hear it. Very firmly rooted in reality. But would complaining about those figures, say, at the district court level, not being reported to the chief judge of the district, do you think that would be protected whistleblower activity? Aren't they really more in the nature of aspirational goals, goals for people to aspire to, rather than binding obligations that carry any punitive reaction at all? I don't agree that they're aspirational. I believe that they were originally designed to be aspirational. But you have to keep in mind that this is not a new problem for the SEC. This goes back to the 1960s. And like malaria, it is something that would periodically heat up to points of crisis over the years. It wasn't a continuous problem for the SEC, but it was one that reared its head periodically. The docket got out of control in 1995, or actually earlier than that, in the late 1980s. The commission, in trying to figure out how to deal with this, passed the original version of Rule 900. Then it put its finger back on the pulse a couple of years later, 2003. Realized that the aspirational goals of the original rule just weren't working. And it modified the rule again. This time, what it did was it grafted language onto the original rule. I would say that even though it moved out of the original version of 900, the portion that had to do with administrative law judges, to a different section, which I would argue is more appropriate because it had to do with the actual hearings. What should ALJs do in their hearings? But when it did move... My question is something a little different. A protected disclosure has to involve evidence of a violation of a law or a rule or a regulation that evidences, well you know the language. I do. And that's what I'm getting to with my hypothetical with respect to, you know, the deadlines that the district, that we operate under as judges. I understand your point. What is it? Abuse of a substantial and specific danger to public health or safety? Well, I don't think we're quite in that realm for... I don't think we are either. But I understand the point. We are motivating, these rules are adopted to motivate people to handle their work in a timely, efficient manner. Maybe if I can begin in answering your question with an explanation about why the timely adjudication of cases matters. I don't need to lecture, obviously, the court on that, but as far as the SEC is concerned... It really isn't... My point, though, goes back to what makes speaking out on that kind of thing a protected disclosure? The ALJ did not seem to think it was. No. And the rule, like I said, I believe it grafted on language in 2003 to make the requirement mandatory and that you have to look at the adopting rules to explain, you know, to get an understanding as to why those are restricted. But the standard is whether or not I had a reasonable belief to believe that a rule or gross mismanagement had occurred. And with respect to rule violations, there's no de minimis requirement. And if the standard is, did I reasonably believe that there was a rule violation and then you look at the regulation that requires you to, would a disinterested person with knowledge of the facts that I had, could that person conclude, not must, but could, that there was a rule violation, then the disclosure is protected. And I would submit, I won't read it in the record given the seal nature of things, but look at what the general counsel, Mark Kahn, wrote to the chairman, advising the chairman regarding his thoughts about whether or not the deadlines were mandatory. And I believe you'll find that that supports my reasonable belief. I mean, isn't he, for purposes of this case, an ultimate or an uber disinterested person? I mean, he's the chief legal officer of the SEC. He was my boss's boss. And if he concluded that the deadlines were mandatory, then why wasn't it reasonable for me? But again, returning to the September 30th, 2012, Rule 900B report, again, I urge the court to actually look at it. You will see that it gives the, it apprises the commission that there was a rule violation of the entire docket. Now, if you look at Rule 900B, it doesn't say advise the commission of the entire docket. It just says tell the commission of, you know, any case with a blown deadline. By including the whole docket, it dilutes the information that is presented to the commission. So you've got cases with blown deadlines lumped in with cases that are fine. And if you look at the, if you figure out, and again, I don't think the commission should be required, given the specific notice requirements, to play detective, and certainly didn't know there was a problem as evidenced by my conversation with the chairman. You will see that for cases with blown deadlines, there is zero information about the majority of them with respect to the procedural posture of the case. Zero information about additional information that would help the commission to assess how big a problem this is and what to do about it. And with respect to the target dates, which may or may not be different under the rule as far as a completion date, but with respect to the target dates, the information that was provided was stale. And just to give an example, in the Bloomfield case, the target date given in the September 30, 2012 report was in December of 2011. So it had already passed by approximately nine months. What possible good information is that to the commission? Will you maintain your 900B claim is a stronger basis than your claim under 908? Of course. Is that because 908 most assuredly contains aspirational language, and you've got to look somewhere else to try to determine if it's mandatory? Well, certainly the use of the word shall within 900B is a stronger argument. The words specifically apprise, again, using statutory construction, it specifically means something, something extra than just apprise. With respect to 900A, absolutely. I suspect, not suspect, but if you, what happened was when it was amended in 2003, one could say it was poor draftsmanship, but the commission didn't leave it intact. It didn't just move out the portion that related to the administrative law judge to a different section and leave the rest as it was. It's got some pretty key words in there. It has words, to the extent possible, should be completed, should be issued. There's no substantive rights conferred on the parties by virtue of it. So, I mean, the language is pretty aspirational, to use Judge Duncan's term, as opposed to what you would contend 900B presents. Because you seem to be focusing on 900B primarily. And I'm sensing that you, Your Honor, that that may be a stronger position. Oh, it is a stronger position. I'm not walking away from the other argument as well, Your Honor. And again, was my belief reasonable and the general counsel agree with me? But even with your position, you maintain that the ALJ really did not rule on that 900B. Correct. And on the gross mismanagement issue, am I out of time here? You can finish your sentence. Okay. Respect to the gross mismanagement issue, whether or not it's mandatory or not, the state of affairs, when I rejoined the commission after 25 years of government and quasi-governmental service, the state of affairs was that you had a history of not complying with timelines. You had the staff unilaterally abandoning commission procedures regarding what it was supposed to do, when it was supposed to tell the commission the problem. It wasn't getting the work done within the time period. You had, you know, when I observed the fact that the chairman was not aware of these actions, I wanted to include instructions or disclosures in the latest 900B report that took care of the problem. And Mr. Connolly ordered me to take it out. And what would have been the harm in full disclosure giving all the atmospherics and the problems that I had identified? Thank you very much. You have reserved some time for rebuttal. Good morning, and may it please the court. Allison Kidd-Miller on behalf of the Securities and Exchange Commission. At the outset, I do want to make clear the standard of review here is not de novo. Rather, the standard of review comes from 5 U.S.C. 7703, and it is substantial evidence, abuse of discretion contrary to law, a fairly standard type of review for these types of administrative decisions. And Mr. Flynn has the burden as the appellant at the board to prove by preponderance of the evidence that he made a disclosure that is protected by the whistleblower statute. And that he did not do, and the court should affirm that decision by the board. I would appreciate it if you would direct your argument to 900B before we get weighted down in 900A and don't have any time left, okay? Yes, Your Honor. I'm referring specifically to the judge's, whether the judge did or did not resolve the 900B argument. Yes. The judge did resolve that argument. Obviously, it would be nice if the judge had said more about it, but here's what we do have. And this is in the administrative judge's decision, which starts at page 335 of the record. The administrative judge first identified the 900B disclosure as one of the two that Mr. Flynn had exhausted before the Office of Special Counsel. That's at page 340 of the record. Then went on to summarize testimony that was presented regarding specifically 900B. An example is at page 341 of the record, summarizing Mr. Flynn's own testimony. There are other examples as well. And then the administrative judge quotes B in full, pages 346 and 347. We have a couple of statements throughout from the administrative judge that simply say Rule 900 without specifying A versus B, so I think those are subject to some interpretation. And then we have a clear conclusion at page 350 that the alleged disclosures, plural, even if taken as true, fail to meet the standard under the law. So the administrative judge clearly considered the evidence relevant to this issue. Right. Well, some of that analysis. Mentioned it. Read it. Quoted it. Quoted it. All that. Concluded. Conclusion. Right. And there is the analysis. Right. Now, I can't speak to whether the administrative judge may have intended some of the references that are generally to Rule 900. No, you do. Do you accept that there should be an analysis by the administrative judge? You can't just say read it, quote it, and then conclude. I readily accept that that would be helpful for everybody if the administrative judge used analysis. It's a legal requirement. And there is a board regulation that tells the administrative judges to set forth the reasons and bases for their decisions. That's 1201.111. However, a violation, even if we're looking at a violation of that regulation here, doesn't necessarily require a remand. But where is the substantial evidence then to use the standard that you presented to us? Right. Well, the substantial evidence is throughout the we have a well-developed record on Rule 900B, and ultimately this court sits to review the ultimate judgment of the administrative judge, not the detailed manner in which the judge did or did not write the specific decision. So this court certainly has the power to affirm, agree with, and affirm that conclusion that the disclosure was not protected. Certainly if the court believes that doing so would require making findings of fact in the first instance, then a remand for the administrative judge to further explain his reasoning would be the proper course. There's nothing to review. Well, you have the record to review here. We can review the rule. We could have read that. We could read the rule ourselves. Right. I know you're suggesting we're to review the factual record, what these witnesses said. Is that what you're suggesting? I'm not suggesting that this court make fact findings in the first instance. You're saying there's enough evidence in the record from which we can make a conclusion in the absence of the ALJ's explanation of his. Yes, and perhaps it would be helpful if I put some specifics on this. I didn't say I agreed with you. I'm just articulating what I understand your position to be. Right. And I honestly don't recall Your Honor's complete question now, 10 seconds later. But, you know, for example. I was saying there's not enough to support the other side. In other words, you've got to prove also the other side. If there's enough to support him going one way, you've also got to be able to show there's not, he couldn't go the other way. Because if he could go both ways, then it's his choice, the ALJ. The administrative, right. If the evidence, well, if the evidence is 50-50, if that's what Your Honor is asking. Even if it's not, I mean, he's a discretionary thing. He doesn't have to be 50-50. He can just decide and it meets the substantial evidence. I guess substantial evidence will get you there. But what he calls the substantial evidence. To be clear, the administrative judges, the burden of proof at the administrative level is not substantial evidence. It's preponderance of the evidence. That's our burden. Your burden of review, your standard of review is substantial evidence. So was there. I guess I'm looking at you do these cases. Maybe you do or maybe you don't. Somebody in the government does all the time. This is the first one we've ever had. So I just am not sure that there is what it is you propose that we could do here. There's some talk about here about in your briefs about that he hasn't demonstrated that the error, if there was one, was reversible. And I just try to make those legal principles show in together. Maybe cite some cases or something. Yes, Your Honor. And here's where I think it's helpful to get to. I'll get to some specifics for what an opinion affirming the administrative judge's decision might look like here. What does an administrative judge have to do? Could he have just said, I find that he doesn't prevail? Well, we have one example from the cases that were cited in the briefs where the full board remanded for a violation of that regulation about reasons and basis. It was a three-sentence decision. That was it. Are you saying that we can? I think I take you to be saying that there is a problem here, there's an error. There should have been more analysis of 900B, but that we could cure it by considering the record, not finding facts, but considering the record as a whole ourselves or send it back for further analysis by the ALJ. Yes, Your Honor. I don't know that I'd necessarily call it curing. Rather, it's that sitting and reviewing this judgment on the substantial evidence. Why wouldn't it be curing since we all seem to be proceeding from the assumption that we're not clear, that the ALJ didn't make it clear the basis of the decision? It would certainly be gap-filling. Yes, Your Honor. You'd be setting forth your own analysis. I mean, here you have Rule 900B. There's no fact-finding necessary for that. We have established in the record the nature of the disclosures, the basic that Mr. Flynn believed more information needed to be included in these 900B reports, and we have case law explaining that there's a difference between a violation of a regulation and a situation where an appellant is pointing out essentially a lack of perfection. The statute's not a trap, if you will, to put employees on a hunt for very specific errors that an agency might be committing and therefore shield themselves against any kind of personnel action. So overall, the Court has a fair amount. We have some undisputed facts here. I guess I'm going to try one more time with my question because this has not been responsive to it. I apologize. I obviously haven't been clear. Okay, when we review immigration cases, for example, if the immigration judge does something wrong or doesn't make a finding that is crucial and just comes out with an ultimate decision, we generally send it back to the immigration judge. If a district court just makes a conclusion, we generally look at the record and say because we are reviewing the judgment and not the rationale, we will generally affirm or reverse on the basis of the judgment. So there are two different standards we're looking at in those situations. And what I'm asking you is to tell us what is the standard here. What are we supposed to do? Are we reviewing? You cited in your brief, I assume it's a case where we're looking at something that a district court, some court looked at what a district court did. That's not what we have here. We have an administrative agency. We have a judge. They don't call them administrative law judge, but whatever kind of judge this is. And we have his decision, which is reviewed by the board, but they split two-two. So what is our role here? So you only got the two standards at the beginning. They seem to me the opposite ends. There are lots of standards, but those are two different ones. The latter approach is the one that you're reviewing the judgment and not the opinion that the federal circuit, at least, has applied in MSPB proceedings. So the case that you cite is from the federal circuit? It is. Now, the case that I cited in the brief is Strataflex. It's not a Merit Systems Protection Board appeal. I should have given you a better case that was an MS. And I apologize. What is the better case? I don't have it. But there are Merit System Review Board cases from the federal circuit where they say we're reviewing just the judgment and not the rationale? Yes, Your Honor. I mean, I don't know if they use those exact words, but they take that same approach from Strataflex that is cited in our brief for Merit Systems Protection Review cases. Now, sometimes, however, and this court obviously can do so in this case, the federal circuit will say, well, that's going to require us to make fact findings. We're not going to do that in the first instance. We'll remand. And that certainly would be a legitimate choice for the court to make here. It's just that we think that we have enough that's undisputed. I understand your argument is that it is not necessary. That's right. That's right. Could I ask just as a procedural point, if we remand, are we going to have jurisdiction over these appeals? Isn't the All-Circuit View Extension Act due to it? Right. Right now it's set to expire at, I believe, the end of this calendar year sometime. Calendar year. Right. Okay. Now, it's already been once extended. Originally it was for a three-year period, and it was extended by Congress for another two years. I don't know what Congress might do in the future on that. Right. By jumping right to 900B, I did want to make a quick note about another threshold issue, and that is that the only disclosures properly before the court are the 900A and the 900B disclosure. Mr. Flynn did not exhaust with the Office of Special Counsel any disclosure regarding gross mismanagement, or to the extent he might still be pursuing this kind of argument, that there was a separate violation of an internal policy memo. Can I ask you another question about 900B? Of course. I think it's fair. I know the lawyers don't like to do this, but it's fair to go where the court has questions. Yes, of course, Your Honor. I want to answer all your questions about 900B. Well, you make this statement, finally, even if the administrative judge had erred by failing to provide the requisite level of detail, in his opinion, Mr. Flynn still would be required to demonstrate that the error was harmful. What does that mean? How would he demonstrate that this is harmful? That the administrative judge, that these disclosures were protected and that the administrative judge got it wrong. If there's substantial evidence in the record showing that to support the conclusion. How does that add anything is, I guess, what I'm asking? Because that's what you say is there to begin with, right? Right. Well, I think. Evidence to support this. Right. And I think that's just emphasizing that it's not only the appellant's burden at the board level to prove that the disclosure is protected, but then also on appeal to prove that there has been a harmful error. I mean, an appellate court is not, the role is not to pick apart an administrative judge's decisions, find that things weren't written as well as they could have been, and reverse or remand on that particular ground. The focus is more on is this ultimate conclusion the right one? And if I. . . I'm just not sure that this added anything, but go ahead. I was trying to tease out from you what it did add, and I'm still not sure what it does add. Right. A harmless error argument. Maybe it doesn't add much of anything on 900B in particular. You, when you went before the board, you sort of, you didn't concede, but you indicated, well, any error that the ALJ made in not specifically addressing 900B, the board could deal with. But the problem you ran with, the board only had two members, and they split. So then you were stuck with the ALJ decision. I mean, it just seems pretty clear. ALJ just did not really address 900B. And the only way we get around it is you didn't have us to do a whole record test or a whole record review. We go comb through this and determine that. And it just seems cleaner. Why would we do that when, in all the cases around, it's just easier to send this back, make his findings, analysis, as he should. Then if there's a review, we do the review. I definitely agree that it would be easier and cleaner. But to be clear, I'm not advocating. If we do it, you know, we ought to do these cases the same. And I see this happening in a lot of cases. We pick a case and we think we can go in and, well, we're going to decide it, even though you didn't follow and we don't have any review. We're going to look at it and we're just going to go ahead and do it on the appellate level. In some cases, we send back. I mean, it just seems not just easier, it seems to be the right way to do it. Right. Unless there's a compelling reason that's so overwhelming, the evidence in your favor on it. It just, normally we just, I don't think it's something we do. Well, and to be clear, I am not advocating that the court, this is a huge record. I mean, this is just the appendix here. I am not advocating that the court crawl through the record. Rather, you know, we think that there are a couple key not in dispute facts here. You put that together with Rule 900 on its face and you can reach the conclusion that the disinterested, reasonable observer would not think that essentially disagreements about the level of detail to include in the report rise to the level of a violation of the regulation, essentially that it's illegal. But you have a word called shell in that 900B. That's different from 900A. That's right. That kind of puts us in a position to look at that. I think, you know, it seems like to me you do have to go back and analyze and look at the record and see these things. It seems to be the AOJ's job. I agree with that. If you're going to be, you know, digging through, comparing this chart to that chart and the other chart, that's the sort of thing. No, I am not asking the court to do that. I don't think it's necessary. To be fair, we've got to go through this and look through all of that. We're going to be fair about this thing. I mean, that's what the AOJ would do. Well, and then I agree that if that is what the court would think is necessary to decide the case, then a remand would be best. Would you have a case in which you have a 900B violation and you don't have a 900A violation? Yes, I think that could be possible. Yes. But I do want to make clear, if the court remands, I would urge the court to remand only the 900B issue and affirm on 900A and conclude that Mr. Flynn did not properly exhaust statutory, mandatory. Two different circuits have found that the exhaustion is also jurisdictional here, that he did not properly exhaust any of the other disclosures, so that any remand should be focused on 900B. And I do want to draw the court's attention, to the extent there's any question about whether the gross management theory was really exhausted, I would draw the court's attention to page 365 of the record, which was Mr. Flynn's filing to the full board. And in that filing, through counsel, he explicitly drew a distinction between allegations of violation of regulation and gross mismanagement, and said that he had never been asserting a gross mismanagement theory here. So he's explicitly disclaimed that theory, and even setting aside exhaustion as a matter of waiver, it would be too late to try to revive it here. So while I'm certainly happy to answer any further questions the court might have, we'll otherwise rest on our briefs, and thank you. Thank you very much. Mr. Flynn, you have a little time for a bottle? A few points. With respect to exhaustion, the two cases that counsel referred to, was the Tenth Circuit decision in the ACCA case, and the Federal Circuit decision in McCarthy. But what those cases, and more particularly the MSPB's decision in Thomas, do state, is that you don't need correct labeling with respect to an exhaustion requirement. The whole point of raising these issues with the Office of Special Counsel, in advance of pursuing an action in front of the board, is to allow it an opportunity to pursue an investigation if it exercises its discretion to do so. So rather than correct labeling, what controls are the facts that are alleged? Now there's no question that 900 A and B were properly alleged before my OSC complaint. In my supporting affidavit, which is I believe 84 paragraphs, I specifically refer in paragraphs 27 and 60 to the staff not following the procedures laid out in the 2003 Commission Policy Memorandum to the General Counsel. And as far as the facts are concerned with respect to gross mismanagement, those are alleged. Again, I refer the Court specifically to the Thomas case that's cited in the brief, where in that case the employee had specifically relied on abuse of discretion as the basis for his case, and then later argued that it was a rule violation and that was held ultimately to be fine, that the WPA, the Whistleblower Protection Act, is in fact a remedial statute and should be interpreted legally in order, excuse me, liberally in order to achieve its purpose. With respect to a quick response to the Old Circuit review, that's currently under consideration by Congress to make it permanent, so we may be back here. I was just curious as to how it would impact the procedural path. If it wasn't renewed, I suppose I'd have to go back to the Federal Circuit when we come back. But given the fact that there is strong support for making it permanent, I'd probably be back here. And also with respect to the 900B, again, the emphasis in the briefs is placed on 5 CFR 1201.11BA, which says that the initial decision shall lay out findings of that and conclusions of law, but B2 says also the reasons and the basis for those findings and conclusions, and that certainly wasn't done here. The administrative judge, and there is a difference between administrative judges and administrative law judges, the exact nature I can't tell you, but they are different. I could tell they have different titles. That's one difference. They are different. But he went to great lengths underlining different portions of subsection A that he found informative and then left B alone in terms of not underlying anything. He talked about the lack of the word shall in A and then didn't recognize the fact that it was used in B. In terms of whether or not the 900B reports should have required more information, the fact is that certain categories of information were just left blank. It wasn't just a question of being, you know, they could figure it out if they wanted to, which I don't think they were obligated to, the commission. There's certain information, and again, please refer to the September 2003, which is at SAE 1661 and the accompanying pages. There was just whole information that was just omitted or was wrong. And this is one of the things that I raised my hand about early on and kept my hand up about during my brief tenure. Thank you. Thank you very much. We'll ask our clerk to adjourn court, and then we'll come down and greet the lawyers.
judges: Diana Gribbon Motz, Allyson K. Duncan, James A. Wynn Jr.